## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROSIE MAYES, Individually and | : | |
| as the personal representative of the | : | |
| Estate of JESSE MAYES, SR., deceased | : | |
| 13803 Maisemoore Road | : | |
| Houston, TX  77015 | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | NO. |
| UNION PACIFIC RAILROAD | : | |
| COMPANY | : | |
| 1400 Douglas Street | : | **JURY TRIAL DEMANDED** |
| Omaha, NE  68179 | : | |
| | : | |
| **Defendant** | : | |

## COMPLAINT

1.     This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which grants this Court jurisdiction over this action.

2.     Plaintiff, Rosie Mayes, is an adult individual residing at the above captioned address who is the widow of Jesse Mayes, Sr.

3.     Defendant, Union Pacific Railroad Company, successor in interest to Southern Pacific Transportation Company, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as common carrier by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States.

4.     From September, 1977 to July, 1999 the Plaintiff's decedent was employed by Defendant railroad as a B & B Carpenter and water service mechanic and was acting in the course and scope of his employment with Defendant, and was engaged in the furtherance of

- 1 -

interstate commerce within the meaning of said Act.

5.      During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings and along its right of ways, Plaintiff's decedent was exposed to various toxic substances and carcinogens including but not limited to chemicals, solvents, diesel fuel/exhaust, benzene, heavy metals, creosote, manganese and rock/mineral dust and fibers.

6.      Plaintiff's decedent's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of colon cancer.

7.      Plaintiff's decedent's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

8.      The Plaintiff's decedent's cancer and related diseases are the result of the negligence of the Defendant railroad in that they utilized known cancer causing materials in their operation and/or transported cancer causing materials, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

9.      Defendant's negligence consisted of:

(a)      Failed to use ordinary care and caution to provide the Plaintiff's decedent with a reasonably safe place in which to work as required by the FELA;

(b)      Failed to comply with the applicable government regulations;

(c)      Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the

Plaintiff's decedent's exposure to toxic materials and carcinogens;

(d)     Failed to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(e)     Failed to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(f)     Failed to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways

(g)     Failed to periodically test employees such as the Plaintiff's decedent for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff or the decedent as to the test results;

(h)     Failed to warn the Plaintiff's decedent of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

(I)     Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff's decedent, to carcinogens;

(j)     Failed to provide the Plaintiff's decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens and;

(k)     Failed to provide the Plaintiff's decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

10.     The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

- 3 -

11.     As a direct result of the negligence of the Defendant, the Plaintiff's decedent experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

12.     As a result of the negligence of the Defendant, Plaintiff's decedent sustained a loss of future benefits including loss of pension benefits due to his premature death.

13.     Plaintiff's decedent suffered from a fear of death as a result of his cancer.

14.     Plaintiff, Rosie Mayes, seeks all damages recoverable under the FELA.

15.     Less than three (3) years before Plaintiff's Complaint was filed she first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, Rosie Mayes, demands judgment against the Defendant, Union Pacific Railroad Company, in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

JAMES P. LAMBERT
(A Law Corporation)
315 South College Road, Suite 146 (70503)
Post Office Box 53083
Lafayette, Louisiana 70505-3083
(337) 261-3737   FAX: 261-3301
jim@jimlambert.com


BY:_____/s/ James P. Lambert_____
        JAMES P. LAMBERT (#07934)

- 4 -